## UNITED STATES DISTRICT COURT
## DISTRICT OF NEBRASKA

| | |
|---|---|
| Holly Pilgrim, | : |
| Plaintiff, | : Civil Action No.: 8:13-cv-00191 |
| v. | : |
| Brumbaugh & Quandal, P.C.; and DOES 1-10, inclusive, | : **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendants. | : |

For this Complaint, the Plaintiff, Holly Pilgrim, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), the Nebraska Consumer Protection Act, Neb.Rev.Stat. § 59-1601, *et. seq.* (the "NCPA"), and Nebraska common law by Defendants in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Holly Pilgrim ("Plaintiff"), is an adult individual residing in O'Neill, Nebraska, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Brumbaugh & Quandal, P.C ("BQ"), is a Nebraska business entity with an address of 4885 South 118th Street, Suite 100, Omaha, Nebraska 68137, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by BQ and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. BQ at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to Capital One (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to BQ for collection, or BQ was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. BQ Engages in Harassment and Abusive Tactics

12. On May 8, 2013, Plaintiff was served with Defendants' summons and complaint in their attempt to collect the Debt.

13. Plaintiff immediately called Defendants after being served to discuss Defendants' lawsuit against Plaintiff.

14. During such communication, Defendants used bullying tactics such as yelling and berating her in an effort to intimidate and scare Plaintiff, which caused her to cry and quiver in fear.

15. Furthermore, Defendants falsely advised Plaintiff not to go to court as she would not prevail and Defendants would obtain a judgment against her.

16. Defendants even stated that if Plaintiff did anything to fight the lawsuit, Defendants would "pursue" her.

17. At the time, Plaintiff was suffering from a high risk pregnancy, and Defendants' statements caused Plaintiff anxiety, embarrassment, stress and tension.

18. Immediately after Plaintiff spoke with Defendants, Plaintiff went into labor at approximately 34 weeks pregnant and was instantly rushed to the hospital to deliver her baby boy.

19. Defendants' illegal actions blatantly contributed to Plaintiff's preterm delivery.

20. In addition, due to Defendants' forewarning, Plaintiff did not appear in court and Defendants obtained judgment by default against her.

### C. Plaintiff Suffered Actual Damages

21. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

22. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

23. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq*.

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

26. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

27. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

28. The Defendants' conduct violated 15 U.S.C. § 1692e(15) in that Defendants falsely informed the Plaintiff that no action was necessary when the Plaintiff had received legal process.

29. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

30. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

## VIOLATION OF THE NEBRASKA CONSUMER PROTECTION ACT
## Neb.Rev.Stat. § 59-1601, *et. seq.*

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. Defendants engage in trade or commerce as defined by Neb.Rev.Stat. § 59-1601(2).

34. In attempting to collect the Debt from Plaintiff, Defendants engaged in unfair and deceptive acts and practices, in violation of Neb.Rev.Stat. § 59-1602.

35. As a result of Defendants' acts, Plaintiff is entitled to actual damages and attorney's fees, pursuant to Neb.Rev.Stat. § 59-1609.

## COUNT III

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

36. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

37. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

38. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Texas.

39. All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages pursuant to Neb.Rev.Stat. § 59-1609;

5. Costs of litigation and reasonable attorney's fees pursuant to Neb.Rev.Stat. § 59-1609;

6. Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 27, 2013

Respectfully submitted,

By: */s/ Sergei Lemberg*

Sergei Lemberg, Esq.
Lemberg & Associates L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorney for Plaintiff