IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HOLLY PILGRIM,<br><br>    Plaintiff,<br><br>  vs.<br><br>BRUMBAUGH & QUANDAL, P.C.;<br><br>    Defendants. | 8:13CV191<br><br>MEMORANDUM AND ORDER |

  This case was filed on June 27, 2013. The court's progression order, entered on August 21, 2013, set a pretrial conference date of May 13, 2014, and a May 27, 2014 trial date. Depositions were due on March 17, 2014. (Filing No. 9).

  The plaintiff served discovery requests on August 28, 2013. The defendant's discovery responses did not immediately include the audio recording of the telephone conversation at issue in this case. In fact, that audio recording was not produced until mid-February, 2014. The plaintiff noticed Defendant's deposition on March 21, 2014, and she has moved to extend the progression schedule.

  Pursuant to Rule 16(b)(4), a case management order setting progression deadlines "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements. . . . , [but the] 'existence or degree of prejudice to the party opposing the modification' and other factors may also affect the decision." Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001). In general, the court will not consider prejudice, or the lack thereof, if the movant has not been diligent in meeting the scheduling order's deadlines. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716-17 (8th Cir. 2008). The movant's level of diligence and the degree of prejudice to the parties are both factors to consider when assessing if

good cause warrants extending a case management deadline, with the movant's diligence being the first consideration and the extent of prejudice to either party considered only following a requisite threshold finding of due diligence. Sherman, 532 F.3d at 716-17; Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 759 (8th Cir. 2006).

Upon review of the evidence and arguments, the court concludes the plaintiff has failed to show she promptly and diligently prepared this case for trial. The information of record reveals the plaintiff has not deposed anyone, and did not notice the defendant's deposition for more than a month after receiving the audio recording at issue. She offers no explanation for this delay.

IT IS ORDERED:

1) The defendant's motion to quash, (Filing No. 17), is granted.

2) The plaintiff's motion to extend the progression schedule, (Filing No. 19), is denied.

May 5, 2014.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.